# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------

| | |
|---|---|
| THOMAS BAUGHMAN, | 06 CV 15402 |
| Plaintiff, | |
| - against - | ECF CASE |
| CIGNA LIFE INSURANCE COMPANY OF NEW YORK, | **COMPLAINT** |
| Defendant. | |

---------------------------------------------------------------

Plaintiff, Thomas Baughman, by and through his attorneys, FRANKEL & NEWFIELD, P.C., as and for her Complaint against Defendant CIGNA LIFE ASSURANCE COMPANY OF NEW YORK ("CIGNA"), hereby sets forth the following:

## THE PARTIES

1. At all times hereinafter mentioned, Plaintiff Thomas Baughman, was and still is a resident of the State of Ohio.

2. Upon information and belief, at all times hereinafter mentioned, Defendant CIGNA is a New York Corporation, with its principal place of business at 140 East 45th Street, New York, New York 10017 and is licensed to conduct business in the State of New York. Defendant CIGNA is therefore a citizen of the State of New York, pursuant to 28 U.S.C. § 1332(c)(1).

## JURISDICTION AND VENUE

3. Jurisdiction of the Court is based upon 29 U.S.C. §§ 1132(e)(1) and 1132(f), which give the District Courts jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee welfare benefit plan. Jurisdiction is also founded on 28 U.S.C. §1331

because this action arises under 29 U.S.C. §1001 et. seq. (Employee Retirement Income Security Act of 1974, hereinafter "ERISA").

   4. Venue in the Southern District of New York is appropriate because Defendant CIGNA resides in this judicial district, is subject to personal jurisdiction in this judicial district and maintains contacts in this judicial district sufficient to subject it to personal jurisdiction.

   5. Pursuant to 28 U.S.C. §1391(a)(1) and §1391(c), this action is properly venued in the Southern District of New York.

   6. At all relevant times hereinafter mentioned, Plaintiff was an employee of Crane Co..

   7. During Plaintiff's employment with Crane Co., CIGNA issued Group Long Term Disability policy number LK 30096 to Crane Co. (the "Policy").

   8. At all times hereinafter mentioned, said disability policy of insurance was issued for the benefit of certain eligible Crane Co. employees in exchange for the payment of premiums by Crane Co. and/or the employees.

   9. At all times mentioned herein, Plaintiff was an employee eligible for disability benefits and an insured under the Policy issued by CIGNA.

   10. Said policy issued by CIGNA provided, among other things, that disability insurance payments will be made to Plaintiff in the event that he becomes disabled due to injury or sickness.

   11. During the period within which said Policy was in full force and effect, and while Plaintiff was an eligible employee, Plaintiff became disabled within the meaning and pursuant to the terms of said Policy,

12. Plaintiff has been deemed to be disabled by the Social Security Administration as of September 1, 2001. Such a finding was made that Plaintiff could not work in any job.

13. At the appropriate time under the Policy, Plaintiff filed a claim for long term disability benefits with CIGNA.

14. At all times, Plaintiff provided proof of loss to CIGNA demonstrating the inability to perform the duties of his occupation, and provided sufficient medical evidence to support his inability to perform the duties of any occupation, as that term is defined in the policy.

15. At all times, Plaintiff complied with all of the contractual obligations contained in the Policy.

16. CIGNA accepted liability on Plaintiff's claim for the period of November 30, 2001, until January 31, 2006.

17. On February 27, 2006, CIGNA issued a letter to Plaintiff terminating his claim for further long term disability benefits.

18. Plaintiff filed his Appeal for benefits pursuant to the terms of the plan and the proscriptions of ERISA.

19. By letter dated October 25, 2006, Defendant CIGNA issued a decision upholding its previous claim determination and refusing to accept further liability of Plaintiff's claim.

20. CIGNA failed to exercise any discretion regarding Plaintiff's claim, because it failed to consider the materials submitted by Plaintiff, despite the fact that the material submitted is precisely within the ERISA regulations proscriptions of materials that must be considered upon the review of claim determinations.

3

21.     Plaintiff's claim should be reviewed on a de *novo* standard of review.

22.     As of this date, Plaintiff continues to be disabled in that he is unable to perform the essential duties of any occupation.

23.     Plaintiff's disability is caused by, among other things, his severe and chronic low back pain with lumbar radicular symptoms, hypertension, hereditary hemochromatosis, depression, anxiety, benign prostatic hypertrophy and esophagitis, and the limitations and restrictions in functionality that result, which impact his ability to focus and concentrate.

24.     Plaintiff cooperated with Defendant CIGNA, provided proper proof of loss, and otherwise complied with the policy terms and conditions regarding her claim.

25.     Despite Plaintiff's continued total disability, Defendant has denied further benefits to Plaintiff and continues to refuse to pay benefits pursuant to the policy, although payment thereof has been duly demanded.

26.     Said refusal to pay benefits on the part of Defendant CIGNA is a willful and wrongful breach of the policy terms and conditions.

27.     Monthly benefits to Plaintiff are continuing to be due and payable by Defendant CIGNA with the passage of each month.

28.     Defendant CIGNA is a conflicted decision maker because it has a financial interest in the outcome of Plaintiff's claim and is exposed to substantial future liability to Plaintiff should it accept liability for this claim.

29.     Defendant CIGNA's structural conflict of interest pervaded its handling of Plaintiff's claim, resulting in a number of procedural irregularities in its claim handling, including but not limited to, the failure to perform any medical examination of Plaintiff, the selective review

4

of medical records and the selective consideration of minimally treating doctors, the failure to accurately and appropriately understand the essential duties of Plaintiff's occupation, the biased characterization of the physical demand level of Plaintiff's job, the failure to consider Plaintiff's actual occupation as opposed to some other occupation, and the failure to consider the significant mental, emotional, concentration and stamina requirements or the duties of her occupation.

30. Defendant CIGNA's claim handling resulted in numerous violations of 29 CFR § 2560.503-1.

31. Defendant CIGNA's claim handling failed to provide Plaintiff with a full and fair review of his claim.

32. Defendant CIGNA's claim handling demonstrates a bias against Plaintiff's claim due to its impact on Defendant CIGNA's financial situation and prevented Plaintiff from receiving a full and fair review of his claim.

33. Plaintiff continues to be totally disabled, and monthly benefits are due and owing to her with the passage of each month. Upon information and belief, arrears are now due and owing to him, since January 2006, plus prejudgment interest.

**WHEREFORE**, Plaintiff Thomas Baughman prays that he may have a declaratory judgment herein declaring the rights and other legal relations of the parties hereto regarding the matters set forth in this Complaint specifying the following:

a) Plaintiff is disabled pursuant to the language and within the meaning of the policy of insurance issued by Defendant in that he is unable to perform the essential duties of any occupation;

b) Defendant is obligated to pay continuing benefits to Plaintiff pursuant to the policy and is obligated to pay all benefits in arrears due and owing since the denial of benefits, plus prejudgment interest;

c) Defendant's obligation to pay benefits to Plaintiff shall continue as long as he remains totally disabled, subject to the applicable benefit period in the policy;

d) Pursuant to ERISA §502 et. seq., Plaintiff shall be entitled to recoup his attorney's fees, as well as all other costs and disbursements of this action;

e) Plaintiff may return to this Court, upon motion, to seek further declaratory relief in the event that it becomes necessary;

f) The Court shall review this action under a de novo standard of review.

Dated: Garden City, New York
December 20, 2006

By: _____
Jason A. Newfield (JN-5529)
Justin C. Frankel (JF-5983)
FRANKEL & NEWFIELD, P.C.
585 Stewart Avenue - Suite 301
Garden City, New York 11530
(516) 222-1600
Attorneys for Plaintiff

X:\Shared\Baughman\Complaint.wpd